**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RAVEN BREANN WEST
as next friend of
JOB NYABAGA MAGETO,

*Petitioner*,

v. No. 1:26-cv-01269-SMD-KRS

WARDEN OF THE TORRANCE COUNTY
DETENTION FACILITY, *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus, filed by Petitioner's wife Raven Breann West as next friend. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Kenya, entered the United States on October 29, 2015, on a B-2 visitor visa. He remained within the United States after April 28, 2016, the expiration date of the term permitted by his visa. He applied for asylum and withholding of removal on October 2, 2016. Immigration officials arrested Petitioner on June 4, 2025, at the Newark, New Jersey office of United States Citizenship and Immigration Services ("USCIS"). On July 16, 2025, an immigration judge denied Petitioner's request for a change in custody status, finding him a flight risk and danger to the community. An immigration judge ordered removal on January 7, 2026, and after an untimely appeal which was dismissed by the Board of Immigration Appeals ("BIA"), the order

became final on March 6, 2026.[1] *See* Doc. 1; Doc. 7 at 2; Doc. 11 at 1. Petitioner asserts that he was arrested on September 12, 2023, on a charge of endangering the welfare of a child, which was dismissed on April 12, 2024, and expunged on May 28, 2025. Doc. 11 at 1, 3-4.

Petitioner challenges his detention as unconstitutionally prolonged in violation of the Due Process Clause of the Fifth Amendment. Doc. 1 at 6; Doc. 11 at 2.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I. The Court Has Subject Matter Jurisdiction

The Court has subject matter jurisdiction to review Petitioner's claims. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). Petitioner challenges his continued detention as a violation of the Due Process Clause. That constitutional claim differs from a challenge to a removal determination or bond eligibility. *See Ochieng v. Mukasey*, 520

[1] *See* Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation/ (last visited Oct. 9, 2026, using Petitioner's A-number and nationality).

F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517). As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-cv-01824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive.

Additionally, the Court finds that Petitioner's wife, Raven Breann West, may proceed as next friend as Petitioner is presently detained. *See* Doc. 3 at 1-2; *see also Hernandez-Hernandez as next friend of Hernandez-Hernandez v. Warden, Otero Cnty. Processing Ctr.*, No. 2:26-cv-00974-MIS-JHR, 2026 WL 1031228, at *1 (D.N.M. Apr. 16, 2026) (granting petition brought by next friend).

II. Statutory Framework: 8 U.S.C. § 1231

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a

"presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

III. <u>Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable</u>

Once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 680. The Court finds that Petitioner has met his initial burden of proof and Respondents have failed to rebut this showing.

First, Petitioner's detention period exceeds the presumptively constitutional six-month limit. Petitioner's order of removal became final on March 6, 2026. Thus, as of the present date, he has been detained for over six months. *See* Doc. 7 at 2.

In *Abiodun v. Musakey*, the court distinguished *Zadvydas*, noting that the *Zadvydas* petitioners faced indefinite detention because "their countries of origin would not accept them."

264 F. App'x 726, 729 (10th Cir. 2008). By contrast, the petitioner's country of origin in *Abiodun* had issued travel documents, and ICE had successfully placed the petitioner on chartered flights, leading the court to find a likelihood of removal in the foreseeable future. The present case is more analogous to *Zadvydas* and distinguishable from *Abiodun*.

Petitioner sets forth that Respondents have detained him since June 2025, and over six months after his order of removal became final, and has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See* Doc. 1 at 6; Doc. 11 at 2. Respondents have not filed any notice setting forth the acquisition of necessary documents or the scheduling of concrete travel plans. Though the Court recognizes that Petitioner filed his Petition on April 23, 2026, which was during the 90-day removal period following the entry of the final order of removal, Respondents have had ample time since that date to update the Court in regards to their plans to effectuate removal. Nor have Respondents set forth any facts in that time establishing that Petitioner is responsible for the delay. Thus, Respondents have failed to rebut Petitioner's showing. *See Dao v. Rios*, No. 2:26-cv-00370-JB-DLM, 2026 WL 1103119, at *6-7 (D.N.M. Apr. 23, 2026) (collecting cases and noting that the "six-month presumption in *Zadvydas* is a practical guide, not a stopwatch. Detention beyond six months is permissible only while removal remains reasonably foreseeable, and courts routinely consider the total time a noncitizen has been detained under § 1231(a)(6) when applying that standard").

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours, without any new conditions of release;

3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility and provide all necessary identity and travel documents to return to his primary address;

4) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner absent a change in circumstances showing that his removal is reasonably foreseeable, for instance, through the procurement of travel documents and concrete travel plans;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**